# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WARD LITTLE,<br><br>                    Plaintiff,<br><br>    v.<br><br>SHANDRA THOMAS KINSEY, et al.,<br><br>                    Defendants. | 1:03cv6118 OWW DLB<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION TO COMPEL AND<br>REQUEST FOR SANCTIONS<br><br>(Document 51) |

Defendants Shandra Thomas Kensey, Todd Curtis, Gary Keller, Luis Lara and Seth Jennings ("Defendants") filed the instant motion to compel responses to special interrogatories and request for sanctions on July 1, 2005. The Court deemed the matter suitable for decision without oral argument and took the motion under submission on July 29, 2005. Plaintiff has not filed an opposition to the motion.

**BACKGROUND**

Plaintiff filed the instant action on August 18, 2003 alleging that officials of the California Highway Patrol and the County of Merced violated his civil rights under 42 U.S.C. § 1983 by using excessive force in arresting and detaining Plaintiff. Plaintiff also claims that his first attorney committed legal malpractice.

On January 27, 2005, the Court granted Plaintiff's counsel's motion for withdrawal. The motion was based on counsel's inability to communicate with Plaintiff. Plaintiff is now

1

1 appearing pro se. The case has not been scheduled.

2 On July 1, 2005, Defendants filed the instant motion to compel responses to special
3 interrogatories and request for sanctions. Plaintiff has not filed an opposition or otherwise
4 contacted the Court.

5 **DISCUSSION**

6 Federal Rule of Civil Procedure 37 (a)(2)(B) provides that if a party fails to answer an
7 interrogatory submitted under Rule 33, the discovering party may move for an order compelling
8 an answer. If the motion is granted, the Court shall award the reasonable expenses incurred in
9 making the motion, including attorney's fees, to the moving party. Fed.R.Civ.Proc. 37(a)(4)(A).

10 On March 8, 2004, Defendants served Plaintiff's former counsel, Terri Cipponeri with the
11 first set of interrogatories. Defendants' counsel met and conferred with Plaintiff's counsel and
12 Plaintiff's counsel requested extensions of time to respond to the interrogatories. Plaintiff's
13 counsel was granted leave to withdrawal as counsel of record on January 26, 2005. Defendants
14 represent that on February 10, 2005, Plaintiff's former counsel notified Plaintiff that he was to
15 respond to Defendants' discovery no later than February 23, 2005. On March 16, 2005,
16 Defendants sent a letter to Plaintiff requesting responses to the interrogatories. Receiving no
17 response, Defendants' counsel sent a second letter to Plaintiff on June 15, 2005, requesting
18 responses and advising that Defendants were going to file a motion to compel responses to the
19 discovery and a request for sanctions. To date, Plaintiff has not provided responses to the
20 special interrogatories or responded in any manner to counsel's correspondence. Defendants
21 seek an order compelling responses to the special interrogatories, without objections, within 10
22 days and awarding sanctions to Defendants in the amount of $1,390.00. As Plaintiff has not
23 responded to the discovery or provided an explanation for his failure to respond, Defendants'
24 motion to compel is GRANTED.

25 Defendants submit the declaration of attorney Robert L. Collins in support of their motion
26 for sanctions. Mr. Collins states that his hourly rate for this client is $139.00 per hour and he has
27 spent a total of three (3) hours preparing this motion. Declaration of Robert L. Collins ("Collins
28 Dec."), ¶ 12. Mr. Collins anticipated spending an additional seven (7) hours traveling to and

from and attending the hearing on the motion for a total request of $1,390.00.  *Id*.  Because Plaintiff did not file an opposition to the motion and the Court took the hearing off calender, Defendants are entitled to compensation for the three (3) hours spent preparing this motion.

### **ORDER**

Defendants' motion to compel is GRANTED.  Plaintiff is ORDERED to provide responses to Defendants' special interrogatories within ten (10) days of the date of service of this order.

Defendants' request for sanctions is also GRANTED.  Plaintiff SHALL PAY SANCTIONS to Defendants' counsel in the amount of $417.00.  This amount shall be paid on or before August 31, 2005.  Failure to comply with this order will result in further sanctions which may include evidentiary sanctions or dismissal of this action.

IT IS SO ORDERED.

Dated:   July 29, 2005             /s/ Dennis L. Beck
3b142a
UNITED STATES MAGISTRATE JUDGE