1
2
3
4
5                    UNITED STATES DISTRICT COURT
6                   EASTERN DISTRICT OF CALIFORNIA
7
                                        )    1:03-cv-06118  OWW DLB
8   STEVEN WARD LITTLE                  )
                                        )    MEMORANDUM DECISION AND
9              Plaintiff,               )    ORDER GRANTING DEFENDANTS
                                        )    COUNTY OF MERCED, DOUGLAS
10      v.                              )    HAYS, JOHN McKNIGHT, AND
                                        )    CALEB HEGGLAND'S MOTION TO
11  SHANDARA THOMAS KINSEY; TODD        )    DISMISS PURSUANT TO FED. R.
    CURTIS; GARY KELLER; DOUGLAS        )    CIV. P. 37(b)(2)(C).
12  HAYS; JOHN McKNIGHT; LUIS LARA;     )
    SETH JENNINGS; CALEB HEGGLAND;      )
13  SANDY MUSH; ADULT CORRECTIONAL      )
    FACILITY; COUNTY OF MERCED; CITY    )
14  OF MERCED; and DOES 1 through       )
    101, inclusive,                     )
15                                      )
                                        )
16             Defendants.              )
                                        )
17  _____)
18
19
20
21              I.    **INTRODUCTION**
22
23       Defendants COUNTY OF MERCED, DOUGLAS HAYS, JOHN McKNIGHT,
24  and CALEB HEGGLAND ("County Defendants") move to dismiss
25  Plaintiff's case as a discovery sanction pursuant to Federal Rule
26  of Civil Procedure 37(b)(2)(C).  (Doc. 46)  STEVEN WARD LITTLE
27  ("Plaintiff"), proceeding *pro se*, has not opposed the motion.
28  //

                                    1

## II. **BACKGROUND**

Plaintiff filed this action on August 18, 2003. (Doc. 1, Compl.) Plaintiff's causes of action arise out of his claims that (1) officials of the California Highway Patrol and the County of Merced violated Plaintiff's civil rights under 42 U.S.C. § 1983; and (2) Plaintiff's first attorney committed legal malpractice in his representation of Plaintiff in this matter. (*See* Doc. 1)

Plaintiff is now appearing *pro se*. His second attorney, Terri L. Cipponeri of Curtis & Arata, was granted permission to withdraw on January 26, 2005 on the basis that Plaintiff's failure to communicate with Ms. Cipponeri made it unreasonably difficult for her to carry out her representation of Plaintiff. (Doc. 36, Order) Plaintiff was granted an additional 30 days after service of the order to find new counsel and respond to discovery requests outstanding since March 8, 2004.

On April 11, 2005, Ms. Cipponeri filed two proofs of service of the order granting Plaintiff's counsel's motion to withdraw. The first proof of service shows that personal service of the order at Plaintiff's last known address was attempted on February 12, 2005, February 17, 2005, and February 21, 2005.[1] (Doc. 39) On February 12 and 17 there was no answer at the door. As to February 21, the process server stated the following: "Spoke with the subject's mother. He is not around. She doesn't know

---

[1] Plaintiff's last known address of record is 4625 Esmar Road, Ceres, California 95307.

2

where he is. She has not seen him for months." The second proof of service shows that Plaintiff's mother, Mary Little, was served with the following three documents on February 21, 2005: (1) Order granting Plaintiff's counsel's motion for reconsideration; (2) Defendants' First Set of Interrogatories (originally served March 8, 2004); and (3) Defendants' First Request for Identification of Documents (originally served March 8, 2004).

On February 14, 2005, the County Defendants served Plaintiff with a first set of special interrogatories, although no proof of service was provided by the County Defendants. Responses were due on March 16, 2005. On March 31, 2005, after not having received a response, the County Defendants' counsel sent Plaintiff a letter requesting he serve responses by April 7, 2005. Plaintiff never respond to the interrogatories or to the letter. On April 13, 2005, the County Defendants filed a motion to compel responses to the February 14, 2005 special interrogatories. The motion was served on Plaintiff via United States mail at his last known address. (Doc. 40, County Def.'s Mot. to Compel) The motion was not returned. A hearing on the motion was held before the magistrate judge on May 27, 2005. Counsel for Defendants appeared, but Plaintiff did not appear.

The Motion to Compel was granted by the magistrate judge on May 31, 2005. (Doc. 44, Order Granting County Def.'s Mot. to Compel) The magistrate judge ordered Plaintiff to provide responses to Defendant's February 14, 2005 special interrogatories within ten (10) days of the date of service of the order. Plaintiff was served with this order via United

3

States mail at his last known address on June 2, 2005.  (Doc. 45, Proof of Service of Order Granting Mot. to Compel)  Responses were due on June 16, 2005.  *See* Fed. R. Civ. P. 6.  The order was not returered.  Plaintiff has filed no responses to date.  Plaintiff was also ordered to pay sanctions to the County Defendants' counsel in the amount of $300.00 by June 30, 2005.  Plaintiff has not paid the sanctions to date.

On June 20, 2005, the County Defendants filed a motion to dismiss Plaintiff's action pursuant to Federal Rule of Civil Procedure 37(b)(2)(C) on the grounds that Plaintiff has failed to obey an order to provide or permit discovery.  (Doc. 46, County Def.'s Mem.)  Plaintiff was served with motion to dismiss via United States mail at his last known address on June 20, 2005.  (*Id*. at Proof of Service)  It has not been returned.  Oral argument was heard on August 8, 2005.  William J. Terrance, Esq., appeared on behalf of the County Defendants.  Plaintiff did not appear.

### III.   ANALYSIS

Federal Rule of Civil Procedure 37(b)(2)(C) authorizes the court to dismiss an action if a party fails to obey a court order to provide discovery:

> If a party...fails to obey an order to provide or permit discovery...the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> \*\*\*
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is

1  obeyed, or ***dismissing the action or proceeding or any part thereof***, or rendering a judgment by default against the disobedient party....

Fed. R. Civ. P. 37(b)(2)(C) (emphasis added).

The sanction of dismissal is considered a drastic remedy, however, and should only be applied if the party's conduct rises to the level of willfulness or bad faith. *Fjelstad v. Amer. Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir. 1985). Disobedient conduct within the control of the litigant is sufficient to demonstrate willfulness, fault, or bad faith. *Id*. at 1341. Furthermore, "[b]ecause the sanction of dismissal is such a harsh penalty, the district court must weigh five factors before imposing dismissal: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to [the party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Porter v. Martinez*, 941 F.2d 732, 733 (9th Cir. 1991) (quotations and citations omitted). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a...dismissal sanction. Thus the key factors are prejudice and the availability of lesser sanctions." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993) (quoting *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990)).

This case was filed almost two years ago. No discovery has been conducted. This case rests solely on Plaintiff's unsupported allegations. No one seems to know Plaintiff's whereabouts, not even his own mother. Plaintiff has filed no

5

change of address with the Court, as is required by the Local Rules for the Eastern District of California.  Papers relating to this case, including discovery requests and the magistrate judge's order granting the County Defendants' motion to compel, have been served on Plaintiff at his last known address.  None have been returned.  Plaintiff has failed to respond to discovery requests as is required by the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of California.  Plaintiff has also disobeyed a court order to respond to discovery requests.  Plaintiff has done absolutely nothing to prosecute this case.  To the contrary, he has demonstrated a willful failure to respond to his former attorneys, or his mother, or the numerous requests for discovery.

   The risk of prejudice to the County Defendants if this case were not dismissed is high.  They will continue to have to pay legal fees to prosecute a non-case against them, a case which the Plaintiff himself has demonstrated no interest in prosecuting.  Any risk of prejudice to plaintiff is self-inflicted.  The risk of such prejudice does not outweigh the harm to Defendants that would result were this case to continue.  There is no alternative sanction that would be effective, since Plaintiff continues to fail and refuse to respond.  Monetary sanctions have gone unheeded.  The interests of justice in the prompt and fair disposition of cases and in clearing its docket are also served by dismissal.

   For all the foregoing reasons, the County Defendants' motion to dismiss Plaintiff's Complaint is **GRANTED**.  Plaintiff's Case is **DISMISSED WITH PREJUDICE** in its entirety for failure to comply

with court orders regarding discovery and for failure to prosecute.

**SO ORDERED.**

**DATED: August 15, 2005.**

                                                  /s/ OLIVER W. WANGER

                                                  _____

                                                       Oliver W. Wanger
**UNITED STATES DISTRICT JUDGE**